UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JODY JORDENS and
STACI WILBER,
on behalf of themselves and
all others similarly situated,                    Case No. 21-cv-1173

       Plaintiffs,                         **COLLECTIVE AND CLASS**
  v.                                           **ACTION PURSUANT TO**
                                                  **29 U.S.C. §216(b) AND**
MOBILELINK, LLC                                   **AND FED. R. CIV. P. 23**
12501 Reed Road
Sugar Land, Texas 77478                           **JURY TRIAL DEMANDED**

     and

MFK, LLC
12501 Reed Road
Sugar Land, Texas 77478

     and

MFK MOBILELINK WISCONSIN, LLC
12501 Reed Road
Sugar Land, Texas 77478

     Defendants

---

## COMPLAINT

---

## PRELIMINARY STATEMENT

1.    This is a collective and class action brought pursuant to the Fair Labor Standards

Act of 1938, as amended, ("FLSA"), Wisconsin's Wage Payment and Collection Laws, Wis.

Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code

§ DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL"), and Fed. R.

Civ. P. 23, by Plaintiffs, Jody Jordens and Staci Wilber, against Defendants, Mobilelink, LLC, MFK, LLC, and MFK Mobilelink Wisconsin, LLC.

2.     Plaintiffs bring these FLSA and WWPCL claims and causes of action against Defendants on behalf of themselves and all other similarly-situated current and former salary-paid employees of Defendants for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

3.     Defendants operated (and continue to operate) an unlawful compensation system of having an actual practice of reducing, and/or making improper deductions from, Plaintiffs' and all other salary-paid employees' compensation each workweek, thus depriving said employees of their pre-determined weekly salary compensation and failing to pay said employees at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the FLSA and WWPCL.

4.     Defendants' deliberate failure to compensate its salary-paid employees for hours worked at the proper and legal rate(s) of pay violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

**JURISDICTION AND VENUE**

5.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, WWPCL (Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*.), because they are so related in this action within such original jurisdiction that

they form part of the same case or controversy under Article III of the United States Constitution.

7.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants do business, and have substantial and systematic contacts, in this District, including but not limited to owning and operating multiple physical locations within this District.

## PARTIES AND COVERAGE

8.     Plaintiff, Jody Jordens, is an adult female resident of the State of Wisconsin with a post office address of 7202 Bradley Street, Lake Tomahawk, Wisconsin 54539.

9.     Plaintiff, Staci Wilber, is an adult female resident of the State of Wisconsin with a post office address of N6019 Mork Avenue, Shawano, Wisconsin 54166.

10.     Defendant, Mobilelink, LLC, was, at all material times herein, an Illinois entity doing business in the State of Wisconsin with a principle office address of 12501 Reed Road, Sugar Land, Texas 77478.

11.     Defendant, MFK, LLC, was, at all material times herein, a Texas entity doing business in the State of Wisconsin with a principle office address of 12501 Reed Road, Sugar Land, Texas 77478.

12.     Defendant, MFK Mobilelink Wisconsin, LLC, was, at all material times herein, a Wisconsin entity doing business in the State of Wisconsin with a principle office address of 12501 Reed Road, Sugar Land, Texas 77478.

13.     Defendants are Cricket Wireless service providers.

14.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants collectively owned, operated, and managed physical locations and retail stores throughout the country, including but not limited to in the State of Wisconsin.

15.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants employed Plaintiff Jordens in the positions of Store Manager, Senior Store Manager, and Territory Manager performing compensable work on Defendants' behalf, at Defendants' direction, for Defendants' benefit, and with Defendants' knowledge in the States of Wisconsin and Michigan.

16.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants employed Plaintiff Wilber in the position of Store Manager performing compensable work on Defendants' behalf, at Defendants' direction, for Defendants' benefit, and with Defendants' knowledge in the State of Wisconsin.

17.     For purposes of the FLSA, Defendants, collectively and individually, were "employers" of "employees," Plaintiffs, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

18.     During the relevant time periods as stated herein, Defendants, collectively and individually, were engaged in "commerce" and/or their employees were engaged in "commerce," as that term is defined under the FLSA.

19.     During the relevant time periods as stated herein, Defendants, collectively and individually, employed more than two (2) employees.

20.     During the relevant time periods as stated herein, Defendants' annual dollar volume of sales or business, collectively and individually, exceeded $500,000.

21.     During the relevant time periods as stated herein, Plaintiffs were engaged in commerce or in the production of goods for commerce.

22.     For purposes of the WWPCL, Defendants, collectively and individually, were "employers" of Plaintiffs, and Plaintiffs were "employed" by Defendants, as those terms, or

variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

23.     Plaintiffs' Notices of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) are contemporaneously filed with this Complaint.

24.     Plaintiffs bring this action on behalf of themselves and all other similarly-situated salary-paid employees employed by Defendants within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiffs and all other salary-paid employees were subjected to Defendants' same unlawful policies as enumerated herein, and they performed similar job duties as all other similarly-situated salary-paid employees who performed compensable work for Defendants and/or on Defendants' behalf at physical locations that were owned, operated, and managed by Defendants.

25.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants supervised Plaintiffs' and the day-to-day activities of all other salary-paid employees

26.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants hired, terminated, promoted, demoted, and suspended Plaintiffs and all other salary-paid employees.

27.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants reviewed Plaintiffs' work performance and the work performance of all other salary-paid employees.

28.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants established Plaintiffs' and all other salary-paid employees' work

schedules and provided Plaintiffs and all other salary-paid employees with work assignments and hours of work.

29.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants established the terms, conditions, work rules, policies, and procedures by which Plaintiffs and all other salary-paid employees abided in the workplace.

30.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants oversaw, managed, and adjudicated Plaintiffs' and other salary-paid employees' employment-related questions, benefits-related questions, and workplace issues.

31.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiffs and all other salary-paid employees for hours worked and/or work performed, including with additional forms of compensation, such as monetary bonuses, commissions, incentives, and/or other rewards and payments.

## GENERAL ALLEGATIONS

32.     From approximately September 2017 to September 2021, Defendants employed Plaintiff Jordens as a salaried-paid employee in the positions of Store Manager, Senior Store Manager, and Territory Manager, with her territory covering the States of Wisconsin and Michigan.

33.     From approximately July 2018 to February 2021, Defendants employed Plaintiff Wilber as both an hourly-paid, non-exempt employee and as a salaried-paid employee in the position of Store Manager working in the State of Wisconsin.

34.     During Plaintiffs employment with Defendants, they and all other salaried-paid employees performed compensable work on Defendants' behalf, with Defendants' knowledge, for Defendants' benefit, and/or at Defendants' direction subject to Defendants' same

compensation policies and actual practices at physical locations that were owned, operated, and managed by Defendants.

35.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained employment records and other documentation regarding Plaintiffs and all other salaried-paid employees.

36.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for tracking and/or recording hours worked by Plaintiffs and all other salaried-paid employees.

37.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained centralized systems for compensating Plaintiffs and all other salaried-paid employees for all remuneration earned.

38.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other salaried-paid employees often worked forty (40) hours or more per workweek.

39.     However, at times during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other salaried-paid employees did not work forty (40) hours or more per workweek.

40.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants tracked and/or recorded Plaintiffs' and all other salaried-paid employees' hours worked each workweek.

41.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiffs and all other salaried-paid employees on both a bi-weekly and a bi-monthly basis via paycheck.

42.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and on a weekly, bi-weekly, bi-monthly, and/or monthly basis, Plaintiffs and all other salaried-paid employees earned and were compensated with monetary bonuses, commissions, incentives, awards, and/or other rewards and payments based on their hours worked or work performed during their employment with Defendants.

43.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants engaged in an actual practice of reducing, and/or making improper deductions from, Plaintiffs and all other salary-paid employees' compensation each workweek, thus depriving said employees of their pre-determined weekly salary compensation and failing to pay said employees at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the FLSA and WWPCL.

44.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other salaried-paid employees did not regularly receive a pre-determined amount of compensation each pay period on a weekly, or less frequent, basis.

45.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other salaried-paid employees did not receive their full salary or pre-determined weekly compensation during workweeks when said employees performed work on behalf of Defendants, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge.

46.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant regularly and routinely reduced Plaintiffs' and all other salaried-paid employees' pre-determined weekly compensation each pay period because of the operating requirements of Defendants' business.

47. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant regularly and routinely reduced Plaintiffs' and all other salaried-paid employees' pre-determined weekly and/or bi-weekly compensation each pay period because of variations in the quality or quantity of said employees' hours worked and/or work performed. For example, during Plaintiff Jordens' employment with Defendants and during the workweeks that comprised the time period of August 1, 2020 to August 15, 2020, Defendants reduced her pre-determined compensation of $2,250.00 during this time period to $ 1,453.84 based on her hours worked and/or work performed during this time period. Similarly, during Plaintiff Wilber's employment with Defendants and during the workweeks that comprised the time period of January 1, 2021 to January 15, 2021, Defendants reduced her pre-determined compensation of $1,541.67 during this time period to $ 1,280.77 based on her hours worked and/or work performed during this time period.

48. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), and during any workweek or pay period when Plaintiffs' and/or any other salaried-paid employees' hours worked and/or work performed totaled less than forty (40) hours or eighty (80) hours, respectively, Defendants reduced, and made actual deductions from, said employees' pre-determined weekly and/or bi-weekly compensation.

49. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants actual practice of reducing, and made actual deductions from, said employees' pre-determined weekly and/or bi-weekly compensation was not isolated and/or inadvertent. For example, on September 20, 2020, Tia Stafford, on behalf of Defendants and from the e-mail address, "tia.stafford@mobilelinkusa.com," and copying the e-mail addresses, "tm_all@mobilelinkusa.com," and, "sd_all@mobilelinkusa.com," with the Subject Line, "Salary

Managers Hours Verification for pay 9/27," stated: "TM's and SD's please reply to this email verifying the salary managers [sic] time. Review time cards and if the hourly manager is missing a day in the work week they will be deducted." Also, for example, on June 8, 2021, Muhammad Waleed Ghauri, on behalf of Defendants and from the e-mail address, "payroll@mobilelinkusa.com," with the Subject Line, "Attendance verification 06/28 (Jody Jordens Market)," stated: "Hello Jody, Please see below employees who worked less than 40 hours from 1st To 7th June-2021. Please see details and let us know if we need to prorate their pay? Please respond within 24 hours so that payroll can complete all processes on time." (emphasis in original.)

50.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not have a clearly communicated policy permitting or prohibiting improper deductions as described herein.

51.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other salaried-paid employees employed by Defendants were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

52.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not properly and lawfully compensate Plaintiffs and all other salaried-paid employees with overtime pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and WWPCL.

53.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice failed to compensate Plaintiffs and all other salaried-paid employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

54.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' unlawful pay practices as described herein resulted in Plaintiffs and all other salaried-paid employees being deprived lawful and accurate compensation at an overtime rate of pay for all hours worked in excess of forty (40) in a workweek.

55.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants were or should have been aware that their policies in practice did not properly and lawfully compensate Plaintiffs and all other salaried-paid employees at the correct and lawful overtime rate of pay for all hours worked in excess of forty (40) in a workweek.

## **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

56.     Plaintiffs bring this action on behalf of themselves and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The similarly situated employees include:

> All current and former salaried-paid employees employed by Defendants within the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), and who's weekly, bi-weekly, and/or bi-monthly salaries were reduced by Defendants and/or who Defendants made deductions from their weekly, bi-weekly, and/or bi-monthly salaries.

57.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and the FLSA Collective were victims of Defendants' same unlawful compensation policy in practice of regularly and routinely reducing, and/or making improper deductions from, Plaintiffs' and the FLSA Collective's pre-determined weekly, bi-weekly, and/or bi-monthly compensation based on hours worked and/or work performed, thus depriving Plaintiffs and the FLSA Collective of said compensation. Such an actual practice was indicative of Defendants' desire not to compensate Plaintiffs and the FLSA Collective on a salary basis, but

rather on an hourly basis. Because of this, during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants failed to pay Plaintiffs and the FLSA Collective at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the FLSA.

58.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and the FLSA Collective were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

59.     Defendants' deliberate failure to properly compensate Plaintiffs and the FLSA Collective in such a fashion as described in the aforementioned paragraphs violated federal law as set forth in the FLSA.

60.     Defendants' unlawful practice as described in the aforementioned paragraphs failed to compensate and deprived Plaintiffs and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

61.     Defendants were or should have been aware that their unlawful practices as described in the aforementioned paragraphs failed to compensate and deprived Plaintiffs and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

62.     Plaintiffs' FLSA Cause of Action is brought under and maintained as an opt-in Collective Action Pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the FLSA Collective, and this Cause of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

63.     Plaintiffs and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements, and/or pay provisions, and are and have been

subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with overtime compensation. Plaintiffs' claims and causes of action as stated herein are the same as those of the FLSA Collective.

64.    The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendants and through posting at Defendants' locations in areas where postings are normally made.

65.    Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

66.    Plaintiffs bring this action on behalf of themselves and all other similarly situated employees employed by Defendants in the State of Wisconsin pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees include:

> All current and former salaried-paid employees employed by Defendants in the State of Wisconsin within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) and through the date of final judgment who's weekly, bi-weekly, and/or bi-monthly salaries were reduced by Defendants and/or who Defendants made deductions from their weekly, bi-weekly, and/or bi-monthly salaries.

67.    The Wisconsin Class members are readily ascertainable. The number and identity of the Wisconsin Class members are determinable from the records of Defendants. The job titles, length of employment, and the rates of pay for the Wisconsin Class members are also determinable from Defendants' records. For purposes of notice and other purposes related to this

action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

68.     The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of the Wisconsin Class.

69.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All of the Wisconsin Class members were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiffs and other Wisconsin Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

70.     Plaintiffs are able to fairly and adequately protect the interests of the Wisconsin Class and have no interests antagonistic to the Wisconsin Class. Plaintiffs are represented by counsel who is experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

71.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them.

72.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

73.     Defendants have violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

74.     There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and

fact common to the Wisconsin Class arising from Defendants' actions include, without limitation, the following: (a) Whether the Wisconsin Class performed compensable work each workweek; (b) Whether Defendants maintained an unlawful and actual compensation practice of reducing, or making deductions from, the Wisconsin Class' pre-determined weekly salaries; and (c) The nature and extent of class-wide injury and the measure of damages for the injury.

75.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act of 1938, as Amended**
**(Plaintiffs on behalf of themselves and the FLSA Collective – Overtime Pay)**

76.     Plaintiffs, on behalf of themselves and the FLSA Collective, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

77.     At all times material herein, Plaintiffs and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

78.     At all times material herein, Defendants were employers of Plaintiffs and the FLSA Collective as provided under the FLSA.

79.     At all times material herein, Plaintiffs and the FLSA Collective were employees of Defendants as provided under the FLSA.

80.     During the relevant statutory periods as stated herein, Plaintiffs and the FLSA Collective were victims of Defendants' uniform compensation policy and practice of failing to regularly and routinely reducing, and/or making improper deductions from, Plaintiffs' and the FLSA Collective's pre-determined weekly, bi-weekly, and/or bi-monthly compensation based on

hours worked and/or work performed, thus depriving Plaintiffs and the FLSA Collective of said compensation. Such an actual practice was indicative of Defendants' desire not to compensate Plaintiffs and the FLSA Collective on a salary basis, but rather on an hourly basis. Because of this, during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants failed to pay Plaintiffs and the FLSA Collective at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the FLSA.

81.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

82.     Defendants were (and are) subject to the overtime pay requirements of the FLSA because Defendants are enterprises engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

83.     Defendants' failure to compensate Plaintiffs and the FLSA Collective at proper, correct, and lawful overtime rate of pay for each hour worked in excess of forty (40) hours each workweek was willfully perpetrated. Defendants have not acted in good faith and with reasonable grounds to believe that their actions and/or omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants acted in good faith and with reasonable grounds in failing to pay overtime premium pay wages, Plaintiffs and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

84.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiffs and the FLSA Collective for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

85.     Plaintiffs and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

86.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violations of Wisconsin's Wage Payment and Collection Laws, as Amended**
**(Plaintiffs, on behalf of themselved and the Wisconsin Class – Overtime Pay)**

87.     Plaintiffs, on behalf of themselves and the Wisconsin Class, reassert and incorporate all previous paragraphs as if they were set forth herein.

88.     At all relevant times: Plaintiffs and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendants were employers of Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendants employed, and/or continue to employ, Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq*., 104.01 *et seq*., and § DWD 272.01.

89.     Throughout the Wisconsin Class Period, Plaintiffs and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

90.     At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

91.     Defendants willfully failed to pay Plaintiffs and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek. Specifically, Defendants regularly and routinely reduced, and/or made improper deductions from, Plaintiffs' and the Wisconsin Class' pre-determined weekly, bi-weekly, and/or bi-monthly compensation based on hours worked and/or work performed, thus depriving Plaintiffs and the Wisconsin Class of said compensation. Such an actual practice was indicative of Defendants' desire not to compensate Plaintiffs and the Wisconsin Class on a salary basis, but rather on an hourly basis. Because of this, Defendants failed to pay Plaintiffs and the Wisconsin Class at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the WWPCL.

92.     As set forth above, Plaintiffs and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants violations. Accordingly, Plaintiffs and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiffs and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

93.     Plaintiffs and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former salaried-paid employees employed by Defendants informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendants to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in this Complaint as unlawful and in violation of the FLSA and Wisconsin Law, and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendants to pay Plaintiffs and all other similarly-situated salaried-paid employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendants to pay Plaintiffs and all other similarly-situated salaried-paid employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

g) Issue an Order directing Defendants to reimburse Plaintiffs and all other similarly-situated salaried-paid employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h) Provide Plaintiffs and all other similarly-situated salaried-paid employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFFS DEMAND A JURY AS TO ALL TRIABLE ISSUES**

Dated this 11th day of October, 2021

WALCHESKE & LUZI, LLC
Counsel for Plaintiffs

s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com